**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Galto, | No. CV-13-00017-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Defendant has moved for summary judgment on all claims in Plaintiff's Third Amended Complaint. Doc. 48. The motion has been fully briefed and no party has requested oral argument. For the reasons stated below, the Court will grant the motion.

**I.      Background.**

Plaintiff was a truck driver for Eagle Express lines, a contract trucking company that handled mail for the United States Postal Service ("USPS"). Doc. 49, ¶ 1. On April 15, 2011, Plaintiff was unloading mail cages at the General Mail Facility in Phoenix when a USPS employee, Jeff Mollohan, allegedly grew angry with Plaintiff for placing mail cages in Mollohan's way and threw three mail cages at Plaintiff in succession. Doc. 48 at 2; Doc. 49, ¶¶ 4-13. Plaintiff claims that Mollohan also charged him with clenched fists and shouted obscenities and threats. Doc. 49, ¶¶ 12-15. Plaintiff reported the incident to his supervisor, describing it as an assault, and typed out a statement that described it the same way. *Id.*, ¶¶ 22-24.

Plaintiff made a claim with the USPS for $522,073.16, which was denied in writing on November 15, 2012. Doc. 1 at 1. Plaintiff then brought this action, seeking

1 damages from the United States for the actions of Mollohan and for negligently retaining
2 and supervising Mollohan. *Id*. at 2-3.

3 **II.    Analysis.**

4 Congress has waived the sovereign immunity of the United States in the Federal Tort Claims Act ("FTCA"), but only for certain torts. The waiver does not extend to claims "arising out of assault, battery," and other enumerated intentional torts. 28 U.S.C. § 2680(h); *Sabow v. United States*, 93 F.3d 1445, 1456 (9th Cir. 1996). Thus, Plaintiff can bring a claim against the United States for the negligence of Mollohan or other government employees, but not for their intentional torts.

10 Plaintiff's complaint includes a claim for negligent retention and supervision, but Defendant's motion contends that Plaintiff has no evidence to support such a claim. Plaintiff concedes that the record does not support a claim for negligent retention and supervision of Mollohan and that Defendant is entitled to summary judgment on this claim. Doc. 50 at 1.

15 Plaintiff's complaint also includes a claim for Mollohan's alleged injury of Plaintiff. Defendant argues that this claim is based on an intentional tort by Mollohan and therefore is barred by § 2680(h). Plaintiff argues that summary judgment is not warranted because genuine issues of material fact exist as to whether Mollohan acted intentionally or negligently in causing Plaintiff's injuries. Plaintiff's third amended complaint alleges that "Defendant's employee, JEFF MOLLOHAN, negligently shoved metal cages into Plaintiff resulting in serious injuries." Doc. 16 at 2.

22 In deciding whether Plaintiff's claim is barred by § 2680(h), the Court must look beyond Plaintiff's classification of the cause of action to examine whether the conduct upon which the claim is based constitutes one of the torts listed in § 2680(h)." *Sabow*, 93 F.3d at 1456; *see also Mt. Homes, Inc. v. United States*, 912 F.2d 352, 356 (9th Cir.1990) ("[W]e look beyond [the complaint's] characterization [of the cause of action] to the conduct on which the claim is based."); *Thomas-Lazear v. Federal Bureau of Investigation*, 851 F.2d 1202, 1207 (9th Cir.1988) ("This circuit looks beyond the labels

used to determine whether a proposed claim is barred [by the intentional torts exception]"). As the Supreme Court has explained, Plaintiff cannot avoid the intentional-tort bar of § 2680(h) through a "semantical recasting of events." *United States v. Shearer*, 473 U.S. 52, 55 (1985).

The evidence in this case simply does not support a claim of negligence on the part of Mollohan. When Plaintiff was deposed, he provided this description of Mollohan's actions:

> Q: Is there any chance that the three cages that he – that he pushed toward you were an accident?
>
> A: No.
>
> * * *
>
> Q: Did it appear to you that he meant to throw each of the cages at you?
>
> Mr. HOWARD: Form, foundation.
>
> THE WITNESS: Absolutely.
>
> Q: You described what he did to you as an assault. Is that right?
>
> A: Yeah. Yes.
>
> * * *
>
> Q: When you made the statement following this incident, did you describe what he did to you as an accident?
>
> A: No.
>
> Q: You didn't believe it was an accident.
>
> MR. HOWARD: Foundation.
>
> THE WITNESS: I believe it was done on purpose.

Doc. 49-2 at 15.

Plaintiff testified that Mollohan's demeanor during this encounter was that of a "raging lunatic." *Id.*  Plaintiff said Mollohan "came after me." *Id.*  As to how the cages hit Plaintiff, his testimony was also clear:

> Q: When you – when you drafted your typewritten statement, you characterized yourself as having been assaulted.
>
> A: Yes.
>
> Q: [T]he first cage was pushed directly at you?
>
> A: Yes.
>
> Q: And hit you?
>
> A: Yes.
>
> Q: The second cage, did Mollohan push that one directly at you?
>
> A: Yes.
>
> Q: And did he hit you?
>
> A: Yes.

*Id.*

Plaintiff's own testimony thus clearly describes an intentional assault.  The only evidence Plaintiff identifies to support his negligence theory is a statement by Mollohan that he pushed the cages to the side of Plaintiff rather than at him.  Doc. 51, ¶¶ 2-3.  When read in its entirety, however, Mollohan's statement is a clear denial that the cages hit Plaintiff at all.  Doc. 51-2 at 4 ("(Q): Did he ever say you hit him with a cage?  (A): No."), 9 ("I pushed nothing in his direction," and "I was pushing [the cages] away I pushed cages to the side of the stack he made already.  The rest I pushed to the north.").  Mollohan denied that the cages made any contact with Plaintiff.  His statement therefore does not constitute evidence that the cages hit Plaintiff through Mollohan's negligence.

Plaintiff also argues that the opinion of a defense expert negates any assertion of

- 4 -

an intentional assault. Doc. 50 at 2. But the defense expert did not opine that Mollohan negligently hit Plaintiff with the cages – he opined that the cages never struck Plaintiff. Doc. 50 at 2. The expert's opinion does not support a claim that Mollohan negligently hit Plaintiff.

Plaintiff has presented no evidence from which a reasonable jury could conclude that Mollohan negligently injured Plaintiff. Looking beyond Plaintiff's characterization of the cause of action to the evidence in this case, as the Ninth Circuit requires, *Sabow*, 93 F.3d at 1456, only two results are possible. Either Mollohan intentionally assaulted Plaintiff or Plaintiff was never struck by the cages. If the jury were to accept the first result, the claim would be barred by § 2680(h). If the jury were accept the second, no tort recovery would be possible. Thus, viewing the evidence in the light most favorable to Plaintiff, Defendant is entitled to judgment as a matter of law.

**IT IS ORDERED** that Defendant's motion for summary judgment (Doc. 48) is **granted**. The Clerk shall terminate this action.

Dated this 15th day of May, 2014.

_____
David G. Campbell
United States District Judge